# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

[  ] BENTON          [ X ] EAST ST. LOUIS          [  ] CONTESTED          [ X ] UNCONTESTED

**MINUTES OF DISPOSITION- CONTINUED FROM MAY 17, 2010**

U.S.A.  v.  **BILL WILMOTH, III**          CRIMINAL NO.  **09-CR-30049-01-DRH**

DEFT. COUNSEL:  **G. ETHAN SKAGGS**          JUDGE:  **CHIEF JUDGE DAVID R. HERNDON**

GOVT. COUNSEL: **GEORGE NORWOOD**          DATE  **JUNE 4, 2010**

REPORTER: **LAURA BLATZ**     DEPUTY:  **SANDY PANNIER**          TIME: **11:20 AM - 12:45 PM**

  **X**    COURT ORDERS PRE-SENTENCE REPORT TO BE SEALED WITH COUNSEL HAVING ACCESS TO SAME IN THE EVENT OF APPEAL.  RECOMMENDATION TO BE PLACED UNDER SEPARATE SEAL AND COUNSEL WILL  **NOT** HAVE ACCESS TO SAME.

COURT'S RULINGS ON OBJECTIONS TO PRE-SENTENCE REPORT:     **NO OBJECTIONS**

TOTAL AMOUNT OF ____ (e.g. cocaine base, marijuana, etc.) CONSTITUTING DEFENDANT'S RELEVANT CONDUCT IS_____

OFFENSE LEVEL: **30**          CRIMINAL HISTORY CATEGORY: **I**
SENTENCE RANGE: **97-120 MONTHS**          FINE RANGE: **$15,000 - $150,000**
SUPERVISED RELEASE RANGE:  **5 YEARS TO LIFE**

_____   COURT ACCEPTS PLEA AGREEMENT          _____ COURT REJECTS PLEA AGREEMENT

DEFENSE WITNESSES:   **NO ADDITIONAL WITNESSES.  DEFENDANT MOVES FOR ADMISSION OF DR. CUNEO'S CV AND REPORT 35-1 - COURT ADMITS SAME**
GOVERNMENT WITNESSES:       **GOVERNMENT EXHIBIT 3 - FBI 302 -ADMITTED.**

**ALL EXHIBITS FROM TODAY AND FROM THE MAY 17, 2010 HEARING ARE  RETURNED TO BOTH COUNSEL AT CONCLUSION OF THIS HEARING.**

_____CUSTODY OF ATTORNEY GENERAL          __X__ CUSTODY OF BUREAU OF PRISONS

**SENTENCE:    109 MONTHS ON EACH OF COUNTS 1 & 2, CONCURRENTLY**
 **X** UPON RELEASE FROM IMPRISONMENT, DEFENDANT PLACED ON **SUPERVISED RELEASE** FOR         **15 YEARS ON EACH OF COUNTS 1 & 2 - CONCURRENTLY**

CONDITIONS OF SUPERVISION:

[X]  Within 72 hours of release from BOP, defendant to report to probation in district released.

[X]  The defendant shall cooperate in the collection of DNA as directed by the probation officer.

[X]  Defendant shall not commit any further crimes.

[X]  Defendant shall not illegally possess any controlled substances.

[X]  Defendant shall not possess firearm or other destructive device.

[X  ]  Defendant shall submit within 15 days for drug urinalysis.

[ X ] Payments are due immediately, through the Clerk of the Court. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.  Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of   $25.00    or 10% of defendant's monthly net monthly  income, whichever is greater,  over a period of   38    months, to commence 30 days  after release from imprisonment to a term of supervision.

[X] Defendant shall comply with all sexual offender reporting requirements.

[X  ]  Defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information.

[ X  ] The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments,  and/or any other anticipated or unexpected financial gains to the outstanding court-oriented financial obligations.  The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

[ X  ]  While on supervised release, the defendant shall participate in an approved sexual offender treatment program, at his own expense, as directed by the probation officer. If deemed necessary, the defendant shall submit to an approved, sexual-predator evaluation. The defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination, at his own expense, to determine compliance with the conditions of release. The defendant shall remain in the program until successfully completed, or until such time as the defendant is released from the program by the Court and/or probation officer.

[X] The defendant shall permit the probation officer to have access to any personal computer and/or electronic device capable of accessing the Internet, World Wide Web, and Electronic Mail. The defendant shall also allow the probation officer or designee to conduct regular searches of his computer using software monitoring devices if determined necessary by the probation officer. While on supervised release, the defendant shall advise the probation officer of all e-mail addresses used on both public and private computers. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed. The defendant shall warn other residents or occupants of his home that computer systems will be subject to inspection by the probation officer and/or authorized contractor.

[X] The defendant shall submit his person, residence, real property, place of business, computer, or vehicle to a search, conducted by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

[X]  Due to the defendant's substance abuse history, he shall participate as directed and approved by the probation officer in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility. The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages. The defendant shall pay

for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale as directed and approved by the United States Probation Office. The co-pay shall never exceed the total costs of counseling.

[ X ] DEFENDANT SHALL PAY A FINE IN THE AMOUNT OF $  **375.00**  ON EACH OF COUNTS   **1 & 2**   FOR A TOTAL FINE IN THE AMOUNT OF  **$750.00**

[ X ]  **SPECIAL ASSESSMENT** OF $  **100.00**   ON EACH OF COUNT(S)  **1 & 2**

      **TOTAL** $**200.00**   DUE IMMEDIATELY.

[] COURT FINDS DEFENDANT'S FINANCIAL CONDITION IS SUCH THAT HE IS UNABLE TO:

    [ ] PAY RESTITUTION, [ ] PAY A FINE, [ ] PAY COSTS OF INCARCERATION OR SUPERVISION  AND THEY ARE WAIVED.

[ X ]   DEFENDANT ADVISED OF RIGHT TO APPEAL WITHIN 14 DAYS.

[ ]   RECOMMENDATION

[ ]   BOND: [ ] REVOKED   [ X ] REMANDED TO USM