IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:9-cr-30049-DWD |
| ) | |
| BILL L. WILMOTH, III, ) | |
| ) | |
| Defendant. ) | |

## ORDER GRANTING THE EARLY TERMINATION
## OF SUPERVISED RELEASE

**DUGAN, District Judge:**

On May 5, 2009, an Indictment (Doc. 1), charging two counts of Possession of Child Pornography, was returned against Defendant. On January 14, 2010, Defendant pled guilty to each Count of the Indictment. (Doc. 25). After a two-day sentencing hearing that concluded on June 4, 2010, Defendant was sentenced to 109 months of imprisonment. (Doc. 39). Defendant was also sentenced to 15 years of supervised release. (Doc. 39).

On February 27, 2023, Defendant filed a *pro se* Motion for the Early Termination of Supervised Release (Sealed Doc. 66). Defendant states he served 6.5 years in federal prison, with no infractions, where he completed a residential drug program and obtained his GED. (Sealed Doc. 66). Upon his release from federal prison in November 2016, Defendant stayed in a halfway house and wore an ankle monitor. (Sealed Doc. 66). He obtained employment, which he has held since his release. (Sealed Doc. 66). Defendant completed sex offender classes, with no major infractions, and kept compliance with the sex offender registry in Marion Couny, Illinois, with no infractions. (Sealed Doc. 66).

Defendant also complied with his probation with no major infractions. (Sealed Doc. 66). Defendant notes that his son, who is graduating high school this year, will be attending college on a basketball scholarship. (Sealed Doc. 66). Defendant "would appreciate a discharge from supervision [after over 5.5 years without issue] so [he] can travel without the concern of approval of [his] probation officer." (Sealed Doc. 66). Attached to Defendant's Motion are letters from his ex-father-in-law and ex-mother-in-law, who support the early termination of Defendant's supervised release. (Sealed Doc. 66). In the letters, Defendant is described as a supportive, loving, and devoted father, as well as "a very dependable worker" who attends and teaches classes at church. (Sealed Doc. 66).

On March 6, 2023, the Court ordered the Government to file a Response to the Motion that incorporated the position of the United States Probation Office. (Doc. 67). The Government has now filed that Response, which includes statements made by District Judge David R. Herndon at Defendant's sentencing hearing. (Doc. 68). Most notably, at that time, Judge Herndon was concerned with Defendant's lack of credibility, apparent "courthouse conversion," and "small chance of recidivism…in determining the length of supervision." (Doc. 68). Ultimately, though, the Government defers to the Court's discretion on whether to grant or deny Defendant's Motion. (Doc. 68). Further, Defendant's probation officer, Officer Nathan Franklin, advises the Court as follows:

> Mr. Wilmoth's letter is accurate and he was able to avoid bad behavior/violations while on pretrial supervision, BOP, and TSR. He does have a son who was a successful basketball player at Centralia, Illinois for years fresh-jr, but he moved to O'Fallon for his senior year. Based on conversation with Mr. Wilmoth and fans from the area it is likely that his son continues to play basketball at the collegiate level. Mr. Wilmoth has done well for himself and is active in his church. He successfully completed his sex offender treatment

a few years ago and has maintained good behavior since. He is also in compliance with the Sex Offender Registration Act and causes no issues with the Marion County Sheriff's Office. Mr. Wilmoth has displayed the consistency for multiple years that we would like to see for sex offenders on TSR.

I have no objection to his ET being granted.

Now, Defendant's Motion is governed by 28 U.S.C. § 3583(e)(1), which provides that the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified, no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or of supervised release, and (2) the Government has received notice and a reasonable opportunity to object. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** each of the aforementioned requirements is satisfied, such that a hearing is not required. *See id*. The Court **FURTHER FINDS**, under § 3583(e)(1), that Defendant has completed more than a year of supervised release and the early termination of his supervised release is warranted and in the interest of justice, as he is unlikely to benefit from additional supervision. *See* 28 U.S.C. § 3583(e)(1). Therefore, on consideration of the factors set forth in 28 U.S.C. § 3553, the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**
Dated: March 14, 2023

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge